IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00659-PAB

DAVID FLORES ESPARZA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center, et al.,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner David Flores Esparza's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 10.

## I. BACKGROUND[1]

Petitioner is a citizen of Mexico. Docket No. 1 at 16, ¶ 61. Petitioner has resided in the United States since at least 2000. *Id.*, ¶ 62. On or about January 19, 2026, Immigration and Customs Enforcement ("ICE") took petitioner into custody. *Id.*, ¶ 64. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 65.

On February 18, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner brings a claim requesting relief

---

[1] The following facts are undisputed unless otherwise noted.

as a class member of *Maldonado Bautista v. Santacruz*, ----F. Supp. 3d----, 2025 WL 3713987, at *7 (C.D. Cal. Dec. 18, 2025) (Count I), a claim alleging the unlawful denial of his release on bond pursuant to 8 U.S.C. § 1226(a) (Count II), a claim alleging a violation of bond regulations (Count III), and a claim alleging a violation of his Fifth Amendment right to due process (Count IV).  *Id.* at 17-20.  Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id*. at 21-22.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 11-15; Docket No. 10 at 1-3.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because § 1225(b)(2) "exclude[s] noncitizens like Petitioner who are apprehended in the interior [of the United States] years after they entered."  Docket No. 1 at 15, ¶ 59.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id.* at 17-18.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled.  Docket No. 10 at 1-3.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v.*

2

*Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on. *See generally* Docket No. 10. The Court finds no distinguishing material facts between this case and *Alfaro Orellana*. Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[2]

---

[2] Because the Court will grant the habeas petition on the basis of Count II, it will not reach petitioner's remaining claims and requests for relief. *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this

3

### III.   CONCLUSION

Therefore, it is

**ORDERED** that petitioner David Flores Esparza's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 6, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").